UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MAYA CROSBY and DENEEN PATTON, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STAGE STORES INC.,<br><br>Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>Civil Action No. _____ |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Maya Crosby and Deneen Patton (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, Outten & Golden LLP, complaining of the Defendant Stage Stores, Inc., including all subsidiaries and related entities, (collectively "Defendant" or the "Company"), allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid minimum wage and overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendant as Sales Associates, Visual Associates, eCommerce Fulfillment Associates, Custodian Freight Associates, Counter Managers, Cosmetic Sales Mangers, Beauty Advisors, and Assistant Store Managers in stores nationwide (collectively "Hourly Workers").

2. Defendant is a retail clothing company operating approximately 793 stores in 42 states throughout the United States including Tennessee, Texas, Louisiana, Georgia, Indiana, Kentucky, Pennsylvania, Mississippi, Missouri, North Carolina, South Carolina, New York, Virginia, Alabama, and Arkansas. Defendant does business under the brands Stage, Peebles, Goody's, Bealls, and Palais Royal.

3. Defendant employs Hourly Workers, such as Plaintiffs, to assist in the

operation of their stores by: assisting customers, staffing fitting rooms, using the cash register to assist customers with making purchases, cleaning the store, organizing the displays, and unloading stock.

4. Defendant requires its Hourly Workers to meet daunting productivity requirements each workweek, forcing Plaintiffs to work long hours, often in excess of 40 hours per workweek to fulfill required responsibilities.

5. While employed by Defendant, Plaintiffs consistently worked without receiving minimum wage for all time worked. In addition, Plaintiffs worked over 40 hours per week without receiving premium overtime pay for all the hours they worked.

6. Throughout the relevant period, it was Defendant's policy to deprive Plaintiffs of all of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"). In order to avoid paying Plaintiffs minimum wage and overtime premiums for all of the hours Plaintiffs worked in excess of 40 per workweek, Defendant systematically and willfully deleted time from Plaintiffs' recorded hours.

7. Defendant tracked its Hourly Workers' hours worked by requiring them to use a computer program that logged their hours worked each day. Hourly Workers were not permitted to review their hourly logs.

8. Defendant's store locations are permitted a budgeted number of hours that Hourly Workers could be scheduled to work for the week. However, Hourly Workers typically were required to worker longer hours.

9. At the end of the week, Defendant would delete time from Hourly Workers' recorded hours to meet their budgeted hours. For example, Plaintiff Crosby was specifically instructed by her Store Manager to delete time from Hourly Worker's recorded hours prior to the close of payroll so that the hours recorded would not exceed the allotted hours.

10. On information and belief, Defendant was aware of its "time-shaving" practices because the District Managers regularly communicated with Store Managers about the need to "meet payroll" and not go over their budgeted hours.

11. In apparent recognition of its wage and hour violations, Defendant sent some employees letters listing the dates and times for which the Defendant believed the employee was not paid for all hours worked.

12. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Hourly Workers pursuant to the FLSA.

13. Plaintiffs also seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the three years immediately preceding the filing of this action, worked for Defendant as Hourly Workers.

## JURISDICTION & VENUE

14. This Court has original subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331.

15. The United States District Court for the Middle District of Tennessee has personal jurisdiction over Defendant because the Company does business in Tennessee and in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

17. Plaintiff Crosby is a resident of Clay County, Alabama. Plaintiff Crosby was employed by Defendant from March 2014 to November 2016 as an Assistant Store Manager in Defendant's Winchester, Tennessee and Hermitage, Tennessee locations.

18. Plaintiff Patton is a resident of Franklin County, TN. Plaintiff Patton was employed by Defendant from July 2015 to May 2017 as an Assistant Store Manager in Defendant's Winchester, Tennessee location.

19. Upon information and belief, Defendant is a corporation formed under the laws of the State of Nevada with a principal place of business in Houston, Texas.

20. During all relevant times, Defendant was Plaintiffs' employer under the meaning of all applicable statutes.

21. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them

22. Defendant applies the same employment policies, practices, and procedures to all Hourly Workers nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

23. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

24. Plaintiffs bring this complaint pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons nationwide who work or have worked for Defendant as an Hourly Worker within the last 3 years and who elect to opt-in to this action.

25. Upon information and belief, there are more than 100 current and former Hourly Workers that are similarly situated to Plaintiffs who were denied earned compensation.

26. Plaintiffs represent other Hourly Workers, and are acting on behalf of Defendant's current and former Hourly Workers' interests as well as their own interests in bringing this action.

27. Defendant unlawfully failed to pay Plaintiffs, and all individuals employed as Hourly Workers, minimum wage for all hours worked under 40 hours per week.

28. Defendant unlawfully required Plaintiffs, and all individuals employed as Hourly Workers, to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one half times their regular hourly rate.

29. Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class

4

of persons:
> All Hourly Workers who are currently or have been employed by the Defendant (hereinafter referred to as the "FLSA Collective") at any time during the three years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

30. Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the FLSA Collective, minimum wage for all hours worked under 40 hours per workweek. Upon information and belief, Defendant applied the same unlawful policies and practices to its Hourly Workers nationwide.

31. Defendant was also aware or should have been aware that the law required it to pay all non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendant suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, Defendant applied the same unlawful policies and practices to its Hourly Workers nationwide.

32. The FLSA Collective is readily identifiable and locatable through the use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendant.

## CLASSWIDE FACTUAL ALLEGATIONS

33. Plaintiffs and the members of the FLSA Collective (collectively "Class Members") have been victims of Defendant's common policy and plan that has violated their rights under the FLSA by shaving off hours worked and denying them compensation for all hours worked. At all times relevant, Defendant's unlawful policy and pattern or practice has been willful.

34. All of the work performed by Class Members was assigned by Defendant and/or Defendant was aware of all the work that Plaintiffs and Class Members performed.

5

35. Upon information and belief, Defendant has a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 8 hours per workday and requiring Plaintiffs and Class Members to work on weekends.

36. Defendant failed to pay Plaintiffs and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA.

37. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA. Defendant's policy and pattern or practice includes but is not limited to:

 a. Willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendant;

 b. Willfully failing to keep payroll records as required by the FLSA and;

 c. Willfully requiring Plaintiffs and Class Members to work "off-the-clock;" and

 d. Willfully failing to pay its employees, including Plaintiffs and Class Members, minimum wage and overtime wages.

38. Defendant was or should have been aware that the FLSA required it to pay its Hourly Workers minimum wage for hours worked under 40 and premium overtime pay for all hours worked in excess of 40 per week.

39. Defendant's failure to pay Plaintiffs and Class Members minimum and overtime wages was willful, intentional, and in bad faith.

40. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FACTUAL BACKGROUND

**Maya Crosby**

41. Maya Crosby was employed by Defendant from in or about March 2014 to

November 2016 as an Assistant Store Manager in Defendant's Winchester, Tennessee and Hermitage, Tennessee locations.

42. Maya Crosby was an employee of Defendant, working under its direct supervision. Throughout her time with Defendant, Maya Crosby was denied the protections of the FLSA.

43. At all times hereinafter mentioned, Maya Crosby was required to be paid minimum wage for all hours worked less than 40 hours in a workweek.

44. At all times hereinafter mentioned, Maya Crosby was required to be paid overtime pay at the statutory rate of one and one half her regular rate of pay after she had worked 40 hours in a workweek.

45. Due to Defendant's company-wide policy of "time shaving," Defendant failed to compensate Maya Crosby for all of the time worked, throughout the entire term of her employment with Defendant.

46. Defendant's practice of "time shaving" systematically underpaid Hourly Employees such as Maya Crosby. Specifically, Defendant's "time shaving" practice resulted in the failure to pay Maya Crosby all minimum wage and overtime compensation earned.

47. Defendant failed to furnish Maya Crosby with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

48. Upon information and belief, Defendant did not keep accurate records of hours worked by Maya Crosby.

**Deneen Patton**

49. Deneen Patton was employed by Defendant from in or about July 2015 to May 2017 as an Assistant Store Manager in Defendant's Winchester, Tennessee location.

50. Deneen Patton was an employee of Defendant, working under its direct supervision. Throughout her time with Defendant, Deneen Patton was denied the protections of

7

the FLSA.

51. At all times hereinafter mentioned, Deneen Patton was required to be paid minimum wage for all hours worked less than 40 hours in a workweek.

52. At all times hereinafter mentioned, Deneen Patton was required to be paid overtime pay at the statutory rate of one and one half her regular rate of pay after she had worked 40 hours in a workweek.

53. Due to Defendant's and company-wide policy of "time shaving," Defendant failed to compensate Deneen Patton for all of the time worked, throughout the entire term of her employment with Defendant.

54. Defendant's practice of "time shaving" systematically underpaid Hourly Employees such as Deneen Patton. Specifically, Defendant's "time shaving" practice resulted in the failure to pay Deneen Patton all minimum wage and overtime compensation earned.

55. Defendant failed to furnish Deneen Patton with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

56. Upon information and belief, Defendant did not keep accurate records of hours worked by Deneen Patton.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

57. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs

58. Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

59. Defendant employed Plaintiffs and members of the FLSA Collective and willfully failed to pay them minimum wage for all hours worked in violation of Section 6 of the FLSA, 29 USC § 206(a).

60. Defendant employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

61. Plaintiffs have expressed their consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

62. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

63. Because Defendant's violations of the FLSA were willful, a 3-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, seek for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Hourly Workers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

9
Case 3:18-cv-00503   Document 1   Filed 05/30/18   Page 9 of 11 PageID #: 9

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay and liquidated damages permitted by law;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F. Attorneys' fees and costs of the action;

G. Issuance of a declaratory judgment that the practices complained of in this action are unlawful;

H. An injunction requiring Defendant to cease the unlawful activity described herein;

I. Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Class and for the risks they took in doing so; and

J. Such other relief as this Court shall deem just and proper.

Dated: May 30, 2018

Respectfully submitted,

**YEZBAK LAW OFFICES PLLC**

By: */s/ Charles P. Yezbak, III*

Charles P. Yezbak, III (TN Bar No. 18965)
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Rd. Suit B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000

Molly Brooks (Pro Hac Vice Forthcoming)

OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

Laura Iris Mattes (Pro Hac Vice Forthcoming)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

*Attorneys for Plaintiffs and the Putative FLSA Collective*